Ross H. Schmierer, Esq.
**PARIS ACKERMAN & SCHMIERER LLP**
101 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-6667
*Attorneys for Plaintiff and the Punitive Class*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDRA DAROCHA, individually and on behalf of all others similarly situated; | Civil Action No.: 2:12-cv-05235-SDW-MCA |
| Plaintiff, | **Return Date: October 15, 2012** |
| vs. | **Oral argument requested** |
| THE CITY OF LINDEN, AMERICAN TRAFFIC SOLUTIONS, INC., WWW.VIOLATIONINFO.COM AND UNIDENTIFIED ENTITIES A THROUGH Z. | **[Document Electronically Filed]** |
| Defendants | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS MOTION TO REMAND

On the Brief:

Ross H. Schmierer, Esq.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………...ii

    I.     RELEVANT PROCEDURAL HISTORY AND FACTS……………………..……...1

    II.    REQUIREMENTS FOR REMAND PURSUANT TO 28 U.S.C. § 1447………...…..2

    III.   CAFA JURISDICTION IS LIMITED BY THREE EXCEPTIONS…………..…..…3

    IV.   THIS ACTION MEETS THE REQUIREMENT UNDER THE HOME
           STATE EXCEPTION TO CAFA AND THEREFORE MUST BE
           REMANDED……………………………………………………………………….3

    V.    THIS ACTION ALSO MEETS THE REQUIREMENTS UNDER THE
           LOCAL CONTROVERSY EXCEPTION TO CAFA AND THEREFORE
           MUST BE REMANDED…………………………………………………………...5

    VI.   THIS COURT MAY ALSO REMAND THIS ACTION UNDER THE
           "INTEREST OF JUSTICE" EXCEPTION……………………………………...7

    VII.  PLAINTIFF REQUESTS JURISDICTIONAL DISCOVERY……………………….9

    VIII. PLAINTIFF ARE ENTITLED TO COSTS ON REMAND PURSUANT
           TO 28 U.S.C. §1447 (c)……………………………………………………………...10

CONCLUSION……………………………………………………………………………..11

**TABLE OF AUTHORITIES**

**CASES**                                                                                                                **PAGE(S)**

Caterpillar Inc. v. Lewis,
    519 U.S. 61 (U.S. 1996)……………………………………………………………2,3

Dicuio v. Brother International Corporation,
    2011 WL 5557528 at * 1 (D.N.J. 2011)……………………………………………...4,5

Hart v. FedEx Ground Package Sys. Inc.,
    457 F.3d 675 (7th Cir.2006)…………………………………………………………3

Hirschbach v. NVE Bank,
    496 F.Supp.2d 451 (D.N.J.2007)…………………………………………………...10

Lowery v. Alabama Power Co.,
    483 F.3d 1184 (11th Cir.2007)………………………………………………………3

Martin v. Franklin Capital Corp.,
    546 U.S. 132 (2005)………………………………………………………………..10,11

Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n.,
    107 F.3d 1026 (3rd Cir. 1997)……………………………………………………….9

Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,
    960 F.2d 1217 (3rd Cir. 1992)……………………………………………………….9

Wis. Dep't of Corr. v. Schacht,
    524 U.S. 381 (U.S. 1998)…………………………………………………………….3

**STATUTES**

28 U.S.C. § 1332……………………………………………………………………….*passim*

28 U.S.C. § 1446 (a)………………………………………………………………………….2

28 U.S.C. § 1447……………………………………………………………………....*passim*

28 U.S.C. § 1453……………………………………………………………………………..1

Class Action Fairness Act of 2005 (CAFA)……………………………………………..*passim*

The plaintiff, Sandra DaRocha ("DaRocha" or "Plaintiff"), individually and on behalf of all others similarly situated, by and through her counsel, Paris Ackerman & Schmierer LLP, hereby responds to Defendants' Notice of Removal pursuant to 28 U.S.C. §§1332 and 1453 with this Motion for Remand to State Court pursuant to 28 U.S.C. §§ 1332(d) and 1447.

## I. RELEVANT PROCEDURAL HISTORY AND FACTS

On or about July 11, 2012, DaRocha filed this class action lawsuit against the City of Linden, New Jersey ("Linden"), American Traffic Solutions, Inc. ("ATS") and www.violationinfo.com ("Violationinfo") (hereinafter referred to as "Defendants") in the Superior Court of New Jersey, Law Division, Union County.

Plaintiff brought this action on behalf of all New Jersey motorists challenging, *inter alia*, Linden's uniform policy of issuing illegitimate citations and collecting fines through the unlawful implementation of an Automated Photo Enforcement Program ("Project Red Light"). Essentially, Plaintiff contends that Linden failed to comply with the express mandates of the statute implementing a New Jersey pilot program designed to determine the effectiveness of the use of traffic control signal monitoring systems, also known as red light running systems ("RLR"). This statute mandates that each RLR be inspected at least every six months by the municipal engineer and that a participating municipality submit a report of such inspection at least every six months.

Despite these requirements, Linden failed to comply with the express statutory mandates as implemented by the legislature of the State of New Jersey. As a result, New Jersey's Department of Transportation suspended Linden from the program. Nevertheless, Linden collected millions of dollars in fines from New Jersey citizens during an almost three year time period. Thus, DaRocha brought this truly local action seeking to right a wrong

1

perpetrated against her fellow citizens of the State of New Jersey.

On or about July 24, 2012, all Defendants were duly served with the Summons and Complaint. On or about August 21, 2012, ATS and Violationinfo filed a Notice of Removal, removing the State action to this Court, asserting jurisdiction based *solely* on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d).

Because Defendants failed to assert any other jurisdictional basis, Plaintiff shall only address CAFA in this motion to remand. More specifically, Plaintiff respectfully submits that this action should be remanded pursuant to the three exceptions to CAFA, which direct district courts to decline jurisdiction in favor of the appropriate State court. For the reasons set forth more fully below, the Plaintiff respectfully requests that this Court remand this truly local action, which can be heard in the Superior Court of New Jersey, Union County, without the risk of unfair bias against the *defendants*.

## II. REQUIREMENTS FOR REMAND PURSUANT TO 28 U.S.C. § 1447.

In accordance with 28 U.S.C. § 1447, Plaintiff has filed the within motion to remand on the basis of lack of subject matter jurisdiction.

28 U.S.C. § 1447 provides, in pertinent part:

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

Pursuant to 28 U.S.C. § 1447, Plaintiff motion based on lack of subject matter jurisdiction may be made at any time before final judgment. See, Caterpillar Inc. v. Lewis, 519

2

U.S. 61, 69 (U.S. 1996); see also, Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 392 (U.S. 1998) (holding that "[i[f] at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") As such, this motion is timely under § 1447(c).

### III. CAFA JURISDICTION IS LIMITED BY THREE EXCEPTIONS

The jurisdiction granted to the federal courts, pursuant to CAFA, is not all encompassing. Three enumerated exceptions to the exercise of CAFA jurisdiction exists: the "local controversy" and "home state controversy" are mandatory exceptions; whereas the "interests of justice" exception is discretionary. The home state and local controversy exceptions are "designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state." Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 682 (7th Cir.2006). The exceptions are intended "to keep purely local matters and issues of particular state concern in the state courts. . ." Lowery v. Alabama Power Co., 483 F.3d 1184, 1193-94 (11th Cir.2007).

As shall be set forth more fully below, the Plaintiff respectfully submits that this case satisfies the requirements under all three of the CAFA exceptions.

### IV. THIS ACTION MEETS THE REQUIREMENTS UNDER THE HOME STATE EXCEPTION TO CAFA AND THEREFORE MUST BE REMANDED

Under the home state exception to CAFA, a district court must decline to exercise jurisdiction where:

> two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

3

28 U.S.C. § 1332(d)(4)(B).

If a class action meets the aforementioned requirements, a district court *must* remand the case back to the state court where it was originally filed.

In the case at bar, the Plaintiff seeks to certify a class composed solely of citizens of the State of New Jersey. Specifically, the class is defined as "[a]ll New Jersey motorists who paid fines…" Clearly, a common sense approach to this class definition dictates that the proposed class is made up of New Jersey citizens who drove in a privately owned automobile in Linden during the class period.

In other words, the Plaintiff is ***not*** seeking to certify a class comprised of "[a]ll motorists who paid fines…" In this alternative class definition, the members of the proposed class would contain New York motorists, Pennsylvania motorists, Delaware motorists and any and all motorist from any other State who happened to be driving in the city of Linden. When filing this action, however, the Plaintiff purposefully avoided this all-encompassing class definition and carefully *excluded* motorists from all of the other States in the union.

In stark contrast to the class definition herein, the plaintiff in Dicuio v. Brother International Corporation, defined the proposed class as consisting of "[a]ll purchasers in New Jersey, who since 2005 purchased Brother Laser Printers." 2011 WL 5557528 at * 1 (D.N.J. 2011). There, the Court denied the plaintiff's motion to remand under the CAFA exceptions because the plaintiff "failed to define the class as New Jersey citizens." Id. at *5. In distinguishing cases from other districts that remanded under the CAFA exceptions, the Court found dispositive that the "class [in Dicuio] [was] not limited to New Jersey residents or employees but [was] comprised of people who merely purchased in New Jersey." Id. As such, the Court opined that "New York, Pennsylvania and Delaware residents often travel

4

through and commute to New Jersey, purchasing goods along their travels" and thus, the Court found "no basis for presuming that two-thirds of those who purchase goods in New Jersey are New Jersey citizens." Id.

Once again, the Plaintiff herein chose **not** to define the proposed class as "[a]ll motorists who paid fines…", as it would suffer from the same fatal flaw as the Dicuio plaintiff's definition. Rather, the Plaintiff heeded the admonition of the Dicuio court and specifically avoided including New York, Pennsylvania and Delaware residents who received tickets while traveling through and commuting within Linden. Unlike Dicuio, the class herein is defined as "[a]ll New Jersey motorists…", which would only include New Jersey citizens.

Because the class definition expressly requires that the motorist entitled to relief in this action be a **New Jersey** motorist, the proposed class is made up *entirely* of a class of citizens of the State in which the action was originally filed, i.e. New Jersey. Thus, the first component of the home state exception has been satisfied.

In addition, the primary defendant in the case is a municipality of the State in which the action was originally filed.

Based on the foregoing, Plaintiff respectfully submits that this Court should remand this action under CAFA's home state exception.

### V. THIS ACTION ALSO MEETS THE REQUIREMENTS UNDER THE LOCAL CONTROVERSY EXCEPTION TO CAFA AND THEREFORE MUST BE REMANDED

Like the home state exception, CAFA's local controversy exception mandates that a district court remand when the class meets its requirements. Under the "local controversy" exception "[a] district court shall decline to exercise jurisdiction. . .

> (A) (i) over a class action in which-
> (I) greater than two-thirds of the members of all proposed plaintiff

5

    classes in the aggregate are citizens of the State in which the action was originally filed;
     (II) at least 1 defendant is a defendant-
     (aa) from whom significant relief is sought by members of the plaintiff class;
     (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
     (cc) who is a citizen of the State in which the action was originally filed; and
     (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
     (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

28 U.S.C. § 1332(d)(4)(A).

  For the reasons set forth in Section III *supra*, the Plaintiff respectfully submits that 28 U.S.C. § 1332(d)(4)(A)(i)(I) is satisfied because greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed.

  In terms of U.S.C. § 1332(d)(4)(A)(i)(II), the Plaintiff respectfully submits that Linden is a defendant from whom significant relief is sought and whose failure to comply with the statutory mandates forms a significant basis for the claims herein. Furthermore, Linden is a municipality located in New Jersey.

  As for the final requirements under this exception, the injuries resulting from the alleged conduct were incurred in the State of New Jersey because the New Jersey citizens were required to pay fines unlawfully imposed by Linden in this State due to allegedly running red lights while driving in New Jersey. Lastly, the Plaintiff is unaware of any class action filed asserting these claims on behalf of New Jersey citizens *before* this case was filed.

  Based on the foregoing, the Plaintiff respectfully requests that this Court grant the

motion to remand under the "local controversy exception."

### VI. This Court May Also Remand This Action Under the "Interests of Justice" Exception

Should this Court opine that that the aforementioned CAFA exceptions do not apply to this action, the Plaintiff respectfully submits that the discretionary "interests of justice" exception applies and this matter should be remanded. The "interests of justice" discretionary exception provides:

> A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under [CAFA] over a class action in which the greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of-
>
> (A) whether the claims asserted involve matters of national or interstate interests;
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
> (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
> (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

U.S.C. § 1332(d)(3).

Under this analysis, the Plaintiff respectfully submits that logic inherently dictates that no fewer than one-third of the putative class are domiciled in New Jersey. Even assuming *arguendo* that this Court interprets the class as comprising all motorists driving in Linden

during this three year period (which it respectfully should not), the Court would also need to conclude that *less* than one-third of all drivers receiving citations in Linden were motorists from New Jersey. In short, the Plaintiff contends that even an incredibly conservative estimate supports a finding that between one-third and two-thirds of the members of the putative class of plaintiffs are domiciled in New Jersey.

Next, the Plaintiff submits that this case does *not* involve national or interstate interests. Rather, the claims involve a dispute between New Jersey citizens and a city in New Jersey regarding citations wrongfully issued to those New Jersey citizens while driving on roads in New Jersey.

Likewise, the claims will be governed by the laws of New Jersey. Moreover, the class action has **not** been plead in a manner that it seeks to avoid federal jurisdiction.

Under the next factor, New Jersey certainly has a distinct nexus with the class made up of New Jersey motorists, who wrongfully received citations issued by a New Jersey city under a program authorized by a statute enacted by the New Jersey legislature.

Next, the number of citizens New Jersey is clearly substantially larger than the number of citizens from other States that would be members of the class. Once again, the class is aimed at redressing a grievance perpetrated *only* upon motorists from New Jersey. The Plaintiff does not seek redress on behalf of New York motorists or Pennsylvania motorists.

Lastly, as set forth above, the Plaintiff is unaware of any class action filed asserting these claims on behalf of New Jersey citizens *before* this case was filed. Based on the foregoing, this case should be remanded to the Superior Court of New Jersey, Union County.

### VII.  PLAINTIFF REQUESTS JURISDICTIONAL DISCOVERY

Courts are to assist plaintiffs by allowing jurisdictional discovery unless the plaintiff's claim is "clearly frivolous." <u>Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n</u>, 107 F.3d 1026, 1042 (3rd Cir. 1997).  If a plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," the plaintiff's right to conduct jurisdictional discovery should be sustained. <u>Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino</u>, 960 F.2d 1217, 1223 (3rd Cir. 1992).

Here, if the Court is unable to conclude that the class is comprised solely of New Jersey citizens based upon the plain language of the definition of the class as well as the arguments set forth herein, Plaintiff requests leave to conduct jurisdictional discovery.

Specifically, Plaintiff would propound specific demands aimed solely at obtaining the Notices of Violation ("Notices") issued within the specific time period set forth in the class definition.  Upon review of the Notices, one will be able to ascertain the identifying information of the motorist and identify exactly how many citations were issued to New Jersey citizens.

*First*, the Notices will identify the motorists' license plate.  As set forth on New Jersey's DMV website: "New Jersey's Motor Vehicle Commission offers the **state's motorists** a variety of choices for what kind of license plates they can affix to their vehicles."[1] (emphasis added). This website further provides: "[w]hen you title and register a vehicle, the MVC will issue you two license plates."  Thus, the Plaintiff will be able to disregard any citations issued to New York or Delaware citizens and focus *solely* on New Jersey residents.

---

[1] http://www.dmv.org/nj-new-jersey/license-plates.php.

9

Thereafter, the Plaintiff shall be able identify the make up of the class using simple mathematical calculations.

*Second*, the Notices will indicate the motorists' address and thus identify those motorists with mailing addresses outside of New Jersey. In Hirschbach v. NVE Bank, the Court analyzed an Amended Complaint that defined its class as "all persons" who held a Certificate of Deposit at a New Jersey bank. 496 F.Supp.2d 451, 460 (D.N.J.2007) Even though the class definition therein did not include a limitation to New Jersey citizens or residents, the Court found it persuasive that less than thirty percent (30%) of the banks' customers used account mailing addresses outside of New Jersey. See Hirschbach 496 F.Supp.2d 451 at 460-461. Based in part on this information, Judge Chessler reasoned that "[it] logically follows from the facts available about the defendant bank and its CD customers that no fewer than one-third of the putative class are domiciled in New Jersey." Id. at 461.

In furtherance of Judge Chessler's well-reasoned opinion, the Plaintiff is confident that the Notices shall provide more than sufficient evidence to demonstrate that the class is compromised of New Jersey citizens.

### VIII. PLAINTIFFS ARE ENTITLED TO COSTS ON REMAND PURSUANT TO 28 U.S.C. § 1447 (c)

Upon our thorough review of cases in this Circuit and other Circuits as well as examining the unambiguous class definition herein, Plaintiff submits that Defendants lacked an objectively reasonable basis for seeking removal. As such, Plaintiff should be entitled to its costs incurred as a result of the removal.

Under 28 USC § 1447 (c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In Martin v. Franklin Capital Corp., the United States Supreme Court granted *certiorari* to

determine the proper standard for awarding attorneys' fees when remanding a case to state court. 546 U.S. 132 (2005).  In its analysis, the Supreme Court recognized that "Congress thought fee shifting appropriate in some cases," because "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources."  Id. at 140.  In articulating the standard for awarding fees under § 1447 (c), the Martin court held that the determination should "turn on the reasonableness of the removal." Id. at 141.

In this case, the Defendants' removal was clearly unreasonable.  As set forth above, the Plaintiff simply did not bring this action on behalf of motorists of any other State.  Rather, the Plaintiff solely seeks relief on behalf of New Jersey citizens.

In light of the foregoing, this case should be remanded to the Superior Court, Union County, New Jersey, and Defendants should be required to pay the costs and attorneys' fees incurred by Plaintiff as a result of the removal.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this case be remanded to the Superior Court, Union County, New Jersey.  Plaintiff further requests that upon remand of this action, the Court order that Defendants pay the costs and attorneys fees incurred by Plaintiff as a result of the removal.

**PARIS ACKERMAN & SCHMIERER LLP**
*Attorneys for Plaintiff and the Punitive Class*

s/ Ross H. Schmierer
Ross H. Schmierer, Esq.