## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDRA DAROCHA, individually and on behalf of all others similarly situated | )<br>)  Case No.: 2:12-cv-05235<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| THE CITY OF LINDEN,<br>AMERICAN TRAFFIC SOLUTIONS, INC.,<br>WWW.VIOLATIONINFO.COM and<br>UNIDENTIFIED ENTITIES A THROUGH Z | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## AMERICAN TRAFFIC SOLUTIONS, INC. AND WWW.VIOLATIONINFO.COM'S RESPONSE AND BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

American Traffic Solutions, Inc., and www.violationinfo.com

Benjamin C. Caldwell
BURNS & LEVINSON LLP
1 Citizens Plaza, Suite 1100
Providence, RI 02903
Tel: 401-831-8330
Fax: 401-831-8359

Robert D. Friedman, Esq.
(*pro hac vice* motion forthcoming)
David M. Losier, Esq.
(*pro hac vice* motion forthcoming)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
Tel: 617-345-3000
Fax: 617-345-3299

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................... 1

II. PLAINTIFF'S BURDEN OF PROOF ........................................ 2

III. REBUTTAL ARGUMENT ....................................................... 2

    A. The Home State Exceptions are Inapplicable. ................... 2

        1. The Mandatory Home State Exception (28 U.S.C. § 1332(d)(4)(B)) is Inapplicable. ........................... 3

        2. The Discretionary Home State Exception (28 U.S.C. § 1332(d)(4)(A)) is Inapplicable. ................... 4

    B. The Local Controversy Exception (28 U.S.C. § 1332(d)(4)(A)) is Inapplicable. ............................... 5

    C. Plaintiff is Not Entitled to Jurisdictional Discovery ............. 7

    D. Plaintiff is Not Entitled to Any Costs for Filing Her Frivolous Motion. ............................................................ 8

IV. CONCLUSION. ...................................................................... 8

## TABLE OF AUTHORIES

**Cases**

*Anthony v. Small Tube Mfg. Corp.*,
535 F. Supp. 2d 506, 515-516 (E.D. Pa. 2007) .............................................. 3

*Brook v. UnitedHealth Grp., Inc.*,
2007 U.S. Dist. LEXIS 73640, at *20-22 (S.D.N.Y. Sept. 27, 2007) ............ 4

*Caruso v. Allstate Ins. Co.*,
469 F. Supp. 2d 364, 370-71 (E.D. La. 2007) .............................................. 7

*Dicuio v. Brother Intl. Corp.*,
2011 U.S. Dist. LEXIS 131553, at *4-5 (D.N.J., Nov. 15, 2011) ................ 2

*Evans v. Walter Indus., Inc.*,
449 F.3d 1159, 1164 (11th Cir. 2006) .......................................................... 2

*Frazier v. Pioneer Ams. LLC*,
455 F.3d 542, 545 (5th Cir. 2006) ................................................................ 2

*Hart v. FedEx Ground Package Sys., Inc.*,
457 F.3d 675, 679-680 (7th Cir. 2006) ........................................................ 2

*Hirschbach v. NVE Bank*,
496 F. Supp. 2d 451, 458-59 (D.N.J. 2007) ................................................. 2

*Kaufman v. Allstate N.J. Ins. Co.*,
561 F.3d 144, 154-155 (3d Cir. 2009) ...................................................... 2, 6

*Manson v. GMAC Mortg., LLC*,
602 F. Supp. 2d 289, 297 (D. Mass. 2009) .................................................. 3

*Moua v. Jani-King of Minn., Inc.*,
613 F. Supp. 2d 1103 (D. Minn. 2009) ........................................................ 3

*Myers v. Jani-King of Phila.*,
2009 U.S. Dist. LEXIS 68192, at *9-10 (E.D. Pa., Aug. 4, 2009) ........... 3, 7

*Nicholson v. Prime Tanning Corp.*,
2009 U.S. Dist. LEXIS 80445, at *6-7 (W.D. Mo. Sept. 3, 2009) ............... 3

*Serrano v. 180 Connect, Inc.*,
478 F.3d 1018, 1019 (9th Cir. 2007) .................................................. 2

**Federal Statutes**

28 U.S.C. § 1332(d)(2) ...................................................... 1, 2

28 U.S.C. § 1332(d)(3) ...................................................... 2, 4

28 U.S.C. § 1332(d)(4)(A) ...................................................... 5

28 U.S.C. § 1332(d)(4)(B) ...................................................... 2, 3

28 U.S.C. § 1332(d)(5) ...................................................... 1

28 U.S.C. § 1332(d)(6) ...................................................... 1

28 U.S.C. § 1453(b) ...................................................... 1

**State Statutes**

N.J.S.A. 39:4-8.14 .................................................... 5, 6

Defendants, American Traffic Solutions, Inc. ("ATS") and WWW.VIOLATIONINFO.COM ("Violationinfo"), hereby respond and file their Brief in Opposition to the Motion to Remand (Docket #15) filed by Plaintiff, Sandra Darocha ("Plaintiff"), and in support thereof state as follows:

I.   **INTRODUCTION**

The Class Action Fairness Act of 2005 ("CAFA") confers jurisdiction on federal courts over certain class actions in which (a) any defendant and any class member are citizens of different states, (b) the amount in controversy exceeds $5,000,000, exclusive of interest or costs and (c) the proposed class includes at least 100 members. 28 U.S.C. § 1332(d)(2), (d)(5) and (d)(6). CAFA authorizes any defendant to remove a qualifying class action to federal court. *Id.* § 1453(b).

Plaintiff concedes she is a citizen of a different state than ATS. Plaintiff is a citizen of New Jersey, whereas ATS is a Kansas corporation with a principal place of business in Arizona. *See* Complaint (***Exhibit A***) at ¶ 17; Notice of Removal at ¶ 6. Also, Plaintiff makes no allegation that the amount in controversy is less than $5,000,000. ATS and Violationinfo previously demonstrated that more than $9,000,000 in fines have been issued to vehicles registered in the State of New Jersey and belonging to the putative class. *See* Notice of Removal at ¶ 8. Finally, it is undisputed that the Complaint alleges a putative class with thousands of members. *See* Complaint (***Exhibit A***) at ¶ 32; Notice of Removal at ¶ 7. As a result, Plaintiff's action encompasses well more than the 100 class member minimum requirement for CAFA jurisdiction. *Id.* Thus, Plaintiff does not challenge that the elements of CAFA jurisdiction are met in this case.

Plaintiff's argument is limited to the invocation of three narrow exceptions to CAFA jurisdiction: (1) the "local controversy" exception, (2) the mandatory "home state" exception and (3) the discretionary "home state" exception. As demonstrated below, none of these three exceptions are applicable to this case.

## II.     PLAINTIFF'S BURDEN OF PROOF

It is well settled that the party seeking remand bears the burden of establishing an exception to CAFA jurisdiction. *Dicuio v. Brother Intl. Corp.*, 2011 U.S. Dist. LEXIS 131553, at *4-5 (D.N.J., Nov. 15, 2011) (citing *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 153 (3d Cir. 2009)); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007); *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679-680 (7th Cir. 2006); *Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 545 (5th Cir. 2006); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006).

## III.    REBUTTAL ARGUMENT

### A. THE HOME STATE EXCEPTIONS ARE INAPPLICABLE

CAFA provides exceptions to the grant of diversity jurisdiction contained in 28 U.S.C. § 1332(d)(2) for so-called "home state" controversies. *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 154-155 (3d Cir. 2009). The home state exception can be mandatory or discretionary. *Hirschbach v. NVE Bank*, 496 F. Supp. 2d 451, 458-59 (D.N.J. 2007) (observing that "[t]he home state exception has both a mandatory and a discretionary facet"). The requirements for the mandatory home state exception are set out at 28 U.S.C. § 1332(d)(4)(B); the requirements for the discretionary home state exception are found at 28 U.S.C. § 1332(d)(3). *Id.* Plaintiff's Brief asserts the discretionary home state exception as the "interests of justice" exception. *See* Brief at

2

7-9. Regardless of the terminology used, neither the mandatory nor discretionary home state exceptions are applicable to the facts of this case.

### 1. The Mandatory Home State Exception (28 U.S.C. § 1332(d)(4)(B)) is Inapplicable

The mandatory "home state" exception to CAFA diversity jurisdiction is codified at 28 U.S.C. § 1332(d)(4)(B). This exception applies when:

(1) Two-thirds or more of the members of the proposed plaintiff classes, in the aggregate, are citizens of the state in which the action was originally filed, *and*

(2) The "primary defendants" are citizens of the state in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(B). The mandatory home state exception is inapplicable here because two of the primary defendants in this action (ATS and Violationinfo) are not citizens of New Jersey. Plaintiff does not dispute this.

Courts have routinely held that when a complaint fails to distinguish among defendants as to theories of liability, all are considered "primary defendants." *Myers v. Jani-King of Phila.*, 2009 U.S. Dist. LEXIS 68192, at *9-10 (E.D. Pa., Aug. 4, 2009) (citing *Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 515-516 (E.D. Pa. 2007) (explaining that "'primary defendants'...are 'those parties that are allegedly directly liable to the plaintiffs, while 'secondary' defendants are ... those parties under theories of vicarious liability or joined for purposes of contribution or indemnification'") (additional citation omitted)); *see also Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289, 297 (D. Mass. 2009) (out-of-state defendants were "without doubt primary defendants" where "plaintiffs name all defendants collectively in all counts of the Complaint, and ... Defendants are each named as having independent liability exposure"); *Moua v. Jani-King of Minn., Inc.*, 613 F. Supp. 2d 1103 (D. Minn. 2009); *Nicholson*

3

*v. Prime Tanning Corp.*, 2009 U.S. Dist. LEXIS 80445, at *6-7 (W.D. Mo. Sept. 3, 2009) (when complaint asserts same facts and legal conclusions against defendants all are primary defendants); and *Brook v. UnitedHealth Grp., Inc.*, 2007 U.S. Dist. LEXIS 73640, at *20-22 (S.D.N.Y. Sept. 27, 2007).

Plaintiff has named three defendants in this action – the City of Linden (a New Jersey municipality), ATS (a Kansas corporation with a principal place of business in Arizona), and Violationinfo (a website owned and operated by ATS). *See* Complaint (***Exhibit A***) at ¶¶ 16-18. Plaintiff's Complaint (a) applies each cause of action to all defendants, (b) repeatedly asserts alleged facts and legal conclusions based on theories of direct liability against all defendants, (c) charges all defendants with the conduct she alleges caused damages to her and other putative class members and (d) apportions liability among defendants equally without distinguishing one from another. *See **Exhibit A***. Accordingly all the named defendants (the City of Linden, ATS and Violationinfo), are "primary defendants" within the meaning of the CAFA home state exception. Because ATS and Violationinfo are primary defendants ***and*** not citizens of New Jersey, the mandatory home state exception is not applicable and remand is not supported.

**2.  The Discretionary Home State Exception (28 U.S.C. § 1332(d)(3)) is Inapplicable**

As with the mandatory home state exception, the discretionary home state exception (referred to by Plaintiff as the "interests of justice" exception) only applies when "the ***primary defendants*** are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3) (emphasis added). As set forth above, because ATS and Violationinfo are primary defendants ***and*** are not New Jersey citizens, application of the discretionary home state exception is also misplaced.

## B. THE LOCAL CONTROVERSY EXCEPTION (28 U.SC. § 1332(d)(4)(A)) IS INAPPLICABLE

Plaintiff also incorrectly asserts that the "local controversy" exception to CAFA diversity jurisdiction, set forth at 28 U.S.C. § 1332(d)(4)(A), applies to this case. The local controversy exception deprives district courts of jurisdiction over class actions *only* when "no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons" during the three-year period preceding the filing of the class action. 28 U.S.C. § 1332(d)(4)(A)(ii). Prior to being removed, Plaintiff's Complaint was filed on July 11, 2012, in the Union County Superior Court of New Jersey. *See Exhibit A*, date stamp of 7/11/12 on pg. 1.

As stated in Plaintiff's Brief and Complaint, Plaintiff brought this putative class action to challenge the issuance and collection of fines through the allegedly unlawful implementation of a red light camera pilot program authorized under Assembly Bill 4314 and which was codified as N.J.S.A. 39:4-8.14. Brief at 1; Complaint (*Exhibit A*) at ¶¶ 1-8 and 23. Plaintiff asserts in her Brief that she is "unaware of any class action filed asserting these claims on behalf of New Jersey citizens *before* this case was filed." Brief at 6. This is inaccurate. Specifically, three (3) putative class actions have been filed against ATS prior to the time Plaintiff filed her Complaint, which assert the *same* allegations against ATS as are being asserted by Plaintiff. These three actions are:

(1) *Conrow v. Monroe Township and ATS* (Case No. 1:12-cv-5005) – filed July 3, 2012 ("*Conrow*");

(2) *Fitting v. Borough of Glassboro and ATS* (Case No. 1:12-cv-5007) – filed July 3, 2012 ("*Fitting*"); and,

(3) *Townsend v. Woodbridge Township and ATS* (Case No. 2:12-cv-4995) – filed July 10, 2012 ("*Townsend*").

5

The three complaints for these previously filed actions are attached hereto as *Exhibits B-D* (*Exhibit B* – *Conrow* Complaint; *Exhibit C* – *Fitting* Complaint; and *Exhibit D* – *Townsend* Complaint). The first page of these complaints contain a time stamp which denote that each was filed *prior to* Plaintiff's Complaint (i.e., prior to July 11, 2012).

A review of the *Conrow, Fitting* and *Townsend* complaints confirms that these cases are nearly identical to Plaintiff's action.[1] All are putative class actions asserting that ATS and certain other New Jersey municipalities issued red light violations pursuant to a five-year pilot program established by *N.J.S.A.* 39:4-8.14 (the "Safety Program"). Specifically, each of these actions alleges the respective defendant municipality and ATS improperly issued violation notices when the municipality was "legally ineligible to operate a [red light camera monitoring system] due to its failure to comply with the mandatory statutory requirements needed to operate such a system in New Jersey." *Exhibits B-D* at ¶ 1 (compare with near-identical language in *Exhibit A* at ¶ 1). Each of the earlier-filed actions raises the same question of law (and alleges the same underlying facts) Plaintiff now asserts, to wit, the municipalities and ATS were ineligible to issue violations as a result of non-compliance with *N.J.S.A.* 39:4-8.14(e). *Compare Exhibit A* at ¶ 50 *with Exhibit B* at ¶ 60, *Exhibit C* at ¶ 60 and *Exhibit D* at ¶ 50. The *only* difference between these actions is that each action names a different municipality participant in the Safety Program.

Given the similarities between these actions, ATS has moved to consolidate the actions (in addition to two other, later-filed actions). This motion to consolidate was filed in *Telliho v. East Windsor Township and ATS* (Case No.: 3-12:cv-4800) and is currently pending before

---

[1] The Third Circuit has previously directed district courts to focus on allegations in complaints rather than extrinsic evidence when evaluating whether exceptions to CAFA diversity have been met. *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148-151 (3d Cir. 2009).

6

Judge Sheridan. ATS' Brief in Support of its Motion to Consolidate – which further underscores the vast similarities between these actions - is attached hereto as ***Exhibit E***.

Because there are three (3) putative class actions against ATS which clearly assert similar factual and legal allegations ***and*** which were filed within the three-year period before Plaintiff's Complaint, their existence precludes application of the local controversy exception. *See Myers v. Jani-King of Phila.*, 2009 U.S. Dist. LEXIS 68192, at *8-9 (E.D. Pa., Aug. 4, 2009) (local controversy exception does not apply when two class action cases filed in the past three years include allegations and claims similar to present action); *see also Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 370-71 (E.D. La. 2007) (when proposed class action against two named defendants asserted similar factual allegations and were filed within three year period before present case, their existence was fatal to claim that case fell under local controversy exception).

### C. PLAINTIFF IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY

In what appears to be an attempt to gather information to determine the citizenship of each putative class member, Plaintiff seeks jurisdictional discovery to confirm what percentage of the putative class constitutes New Jersey motorists. This is an improper request. As explained above, the reason Plaintiff's motion to remand fails has nothing to do with what percentage of the putative class are made up of New Jersey motorists. Even assuming that the putative class is comprised entirely of New Jersey citizens, Plaintiff's motion to remand still fails because (a) some primary defendants are not New Jersey citizens and (b) actions which pre-date Plaintiff's Complaint have been filed against ATS which assert similar allegations. As a result, Plaintiff's request for jurisdictional discovery is futile and should be denied.

### D. PLAINTIFF IS NOT ENTITLED TO ANY COSTS FOR FILING HER FRIVIOLOUS MOTION

Contrary to Plaintiff's assertion, removal of this case was proper under CAFA. Because Plaintiff's motion to remand is based solely on inapplicable exceptions to CAFA diversity jurisdiction, the request for costs and attorneys' fees is misplaced and should also be denied.

### IV. CONCLUSION

For the foregoing reasons, ATS and Violationinfo respectfully request that this Honorable Court deny Plaintiff's Motion to Remand. This case was properly removed pursuant to the provisions of CAFA.

Respectfully submitted,

AMERICAN TRAFFIC SOLUTIONS, INC.
WWW.VIOLATIONINFO.COM

Dated: October 1, 2012            By:  _____
                                       Benjamin C. Caldwell
                                       BURNS & LEVINSON LLP
                                       1 Citizens Plaza, Suite 1100
                                       Providence, RI 02903
                                       Tel: 401-831-8330
                                       Fax: 401-831-8359


Robert D. Friedman, Esq.
(*pro hac vice* motion forthcoming)
David M. Losier, Esq.
(*pro hac vice* motion forthcoming)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
Tel: 617-345-3000
Fax: 617-345-3299

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2012, I electronically filed the foregoing document in the above-entitled matter with the Clerk of the Court using the CM/ECF system. CM/ECF participants will receive notice electronically.

_____
Benjamin C. Caldwell

4851-2697-6273.2